## DAVENPORT OIL CO. v. DAVENPORT.

Circuit Court of Appeals, Sixth Circuit. January 3, 1928.

No. 4806.

Corporations ☞319(6)—Bill for accounting for secret profits, containing no prayer for damages, held properly dismissed as to defendant not participating in fraud proceeds.

In corporation's suit against its employee and his father, who was president of the corporation, for an accounting of secret profits resulting from son's fraud, in which suit record failed to show that father participated in proceeds of the fraud, bill *held* properly dismissed as to father, as against contention that he was liable to corporation in damages, where bill contained no prayer for damages, notwithstanding father failed to report true situation to corporation, and was willing that son should make a double profit.

Appeal from the District Court of the United States for the Western District of Kentucky; Charles I. Dawson, Judge.

Suit by the Davenport Oil Company against Charles G. Davenport and another. From a decree dismissing the bill as to the

---

named defendant, plaintiff appeals. Affirmed.

Albert D. Cash, of Cincinnati, Ohio (Dolle, O'Donnell & Cash, of Cincinnati, Ohio, on the brief), for appellant.

M. M. Logan, of Bowling Green, Ky. (Thomas, Thomas & Logan, of Bowling Green, Ky., on the brief), for appellee.

Before DENISON, MACK, and MOORMAN, Circuit Judges.

DENISON, Circuit Judge. The appellee is the president of the appellant company. William J. Davenport, a son, was in its employ. The company desired to sell an oil lease which it owned, and the son successfully negotiated and closed a satisfactory sale, receiving from the company a commission therefor. It later developed that he received a commission also from the purchaser, and the company filed this bill against the father and the son for an accounting and for a return of the secret commission received from the purchaser, as well as of the commission received from the company, and forfeited by the double dealing. After the hearing in open court, the District Court decreed that the son was liable for and should pay to the company the amount involved; but, without express reasons stated on the record, dismissed the bill as against the father. From this dismissal the company appeals.

The record failed to show any participation by the father in the proceeds of the son's doings, or the receipt of any money or funds for which the father should account to the company. The most that could be said would be that, having knowledge of what his son was about, and that the company was being therein deceived as to the real price the purchaser was paying, the father failed to perform his duty as an officer of the company to report the true situation, and was willing that the son should make this double profit. It may therefore be assumed that the father was liable to the company in damages that would normally be recoverable in a suit at law. It may also be assumed that, in an equity suit for an accounting of unlawful profits in the possession of the defendants, it would be within the jurisdiction of the equity court as collateral to the main relief to entertain and grant a prayer that a defendant who was liable only for damages should be decreed to pay those damages (at least in the absence of any objection that there was adequate legal remedy). This bill contained no such specific prayer nor any suitable allegation upon which that relief might rest. The only issue presented by the pleadings, as against the father, was made by the charge and the denial that he had received and had in his possession and should account for the proceeds of the fraud. Having decided this in favor of the father, the trial judge was under no obligation, whatever his view as to the facts, to go further and award against the father relief unusual in equity and which had not been asked for.

The decree is affirmed.

Note.—The bill of complaint alleges that the lease was "sold by the defendants" for the larger sum, "but that defendants have only accounted for and paid to plaintiffs," the smaller sum, "and have wrongfully and fraudulently retained the remainder of the selling price." It further alleges that, by reason of the facts stated, "the defendants * * * conspired together to injure and defraud plaintiff and secretly to make a profit from the subject of their trust," and also that the acts of defendants were "to enable the defendants to obtain secret and unlawful profit." The bill prays "that the defendants and each of them be required to account to plaintiff for all moneys received by them, or either of them, from the sale of said property in excess," etc., and for "all other relief to which it may be entitled."